ing deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Zepeda–Arce's counsel has filed a brief stating there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided the appellant with the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal.

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

Counsel's motion to withdraw is **GRANTED,** the district court's judgment is **AFFIRMED,** and the case is **REMANDED** with instructions to correct the judgment.

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mario OCHOA–LOPEZ, Defendant—Appellant.**

**No. 09–50528.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Oct. 6, 2010.

Rebecca Suzanne Kanter, Assistant U.S., Southern District of California, San Diego, CA, for Plaintiff–Appellee.

Kathryn Thickstun Leff, Law Offices of Kathryn Thickstun Leff, San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Mario Ochoa–Lopez appeals from the 46–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Ochoa–Lopez's counsel has filed a brief stating there are no grounds for re-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lief, along with a motion to withdraw as counsel of record. We have provided the appellant with the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal.

Accordingly, counsel's motion to withdraw is **GRANTED,** and the district court's judgment is **AFFIRMED.**

**Monterio Tyrone PINCKNEY, Petitioner—Appellant,**

v.

**A.K. SCRIBNER; Attorney General of California, Respondents— Appellees.**

No. 09–17351.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2010.*

Filed Oct. 6, 2010.

Carolyn M. Wiggin, Assistant Federal Public Defender, Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David Andrew Eldridge, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Monterio Tyrone Pinckney appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254. We affirm.

**I**

The state trial court's determination that Pinckney's confession was voluntary is neither contrary to, nor an unreasonable application of, Supreme Court precedent. The Supreme Court has made clear that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). To the extent Pinckney was tired, hungry or under the influence, it was on account of his own actions, not those of the officers. He failed to show that the police "exploited this weakness with coercive tactics." *Id.* at 165, 107 S.Ct. 515.

The interview was relatively short for a murder suspect. Pinckney was provided water and soda, along with chips, which he did not eat. The state court credited the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.